# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCALE A. CANNON, <br><br> Plaintiff, <br><br> vs. <br><br><br><br> GREAT LAKES EDUCATIONAL LOAN SERVICES, INC.; EQUIFAX INFORMATION SERVICES, LLC; and TRANSUNION, LLC. <br><br> Defendants. | Case No.: <br><br><br><br><br> COMPLAINT |

Plaintiff, Marcale A. Cannon (hereinafter "Plaintiff" or "Cannon") alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendants' violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in Montgomery County, Pennsylvania.

5. Defendant Great Lakes Educational Loan Services, Inc. ("GLELS") is a business entity that regularly conducts business in Pennsylvania with its principal place of business at 2401

1

International Lane, Madison, Wisconsin 53704. GLELS is a student loan servicer that regularly conducts business within Pennsylvania. GLELS regularly and in the ordinary course of business furnishes information to various consumer reporting agencies regarding GLELS's transactions with consumers, and is a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b).

6.      Defendant Equifax Information Services, LLC ("Equifax") is a business entity that regularly conducts business in Pennsylvania with its principal place of business as 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

7.      Defendant TransUnion, LLC ("TransUnion") is a business entity that regularly conducts business in Pennsylvania with its principal place of business as 555 West Adams, Chicago, Illinois 60661. TransUnion is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

## FACTUAL STATEMENT

8.      On a date better known by Defendant GLELS, Plaintiff obtained student loans with GLELSI bearing an account number 16872802979**** (the "Account").

9.      On or about June 30, 2013, the Account was closed, transferred, sold, or otherwise purchased by another unknown lender.

10. After that point in time, Plaintiff indisputably was no longer obligated to make monthly payments on the Account to GLELS, as the debt had been transferred, sold, or otherwise purchased by another unknown lender.

11. Despite this, GLELS continues to credit report to Equifax, and TransUnion that Plaintiff's payment status is currently late by greater than 120 days.

12. A payment status of "Late 120 Days" is false and misleading because the balance owed to GLELSI is clearly and unambiguously $0.00.

13. The inaccurate reporting of Plaintiff's late payment status negatively affects Plaintiff's credit worthiness.

14. As a result of the inaccuracy and/or error, Plaintiff is made to appear to creditor's as having a poor history of timely payments.

15. Plaintiff sent a dispute letter to the current bureaus, including Defendants Equifax and TransUnion on August 21, 2018.

16. After receiving a dispute from Plaintiff concerning the erroneous information of the GLELS Account, Defendants Equifax and TransUnion forwarded Plaintiff's disputes on to GLELS.

17. Defendant GLELS failed to conduct a reasonable investigation and continued reporting an erroneous late payment status.

18. Defendants Equifax and TransUnion also failed to conduct a reasonable investigation and continued allowing the reporting of an erroneous late payment status.

19. As a result of Defendants' actions, Plaintiff has suffered injury to credit worthiness and increased difficulty obtaining credit. Plaintiff has also suffered embarrassment, humiliation, and other emotional injuries as a result of errors on her credit report and credit worthiness.

**COUNT I**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**BY GLELS**

20. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

21. At all times pertinent hereto, GLELS was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

22. GLELS willfully and negligently supplied Equifax and TransUnion with information about Plaintiff that was false, misleading, and inaccurate.

23. GLELS willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed.

24. GLELS willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

25. GLELS willfully and negligently failed to report the trade line as one in dispute.

26. GLELS willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate information disputed by Plaintiff.

27. GLELS willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

28. GLELS willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

29. As a direct and proximate cause of GLELS's failure to perform its duties under the FCRA, Plaintiff has suffered injury to credit worthiness and increased difficulty obtaining credit. Plaintiff has also suffered embarrassment, humiliation, and other emotional injuries as a result of errors on credit report and credit worthiness.

30.     GLELS's conduct, action and inaction were willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, GLELS was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant Plaintiff a judgment against GLELS for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY EQUIFAX

31.     Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

32.     Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

33.     Equifax negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

34.     After receiving Plaintiff's dispute highlighting the errors, Equifax negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

35.     As a direct and proximate cause of Equifax's failure to perform its duties under the FCRA, Plaintiff has suffered injury to credit worthiness and increased difficulty obtaining credit.

36. Plaintiff has also suffered embarrassment, humiliation, and other emotional injuries as a result of errors on credit report and credit worthiness.

37. Equifax's conduct, action and inaction were willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant Plaintiff a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

### COUNT III
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY TRANSUNION

38. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

39. Defendant TransUnion prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

40. TransUnion negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

41. After receiving Plaintiff's dispute highlighting the errors, TransUnion negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

42. As a direct and proximate cause of TransUnion's failure to perform its duties under the FCRA, Plaintiff has suffered injury to credit worthiness and increased difficulty obtaining credit.

43. Plaintiff has also suffered embarrassment, humiliation, and other emotional injuries as a result of errors on credit report and credit worthiness.

44. TransUnion's conduct, action and inaction were willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, TransUnion was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant Plaintiff a judgment against TransUnion for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## JURY TRIAL DEMAND

45. Plaintiff demands a jury trial on all issues so triable.

Dated this 27th of May, 2020.

    Respectfully Submitted,

    */s/ Nicholas Linker*
    Nicholas Linker, Esq.
    **Zemel Law LLC**
    1373 Broad St. Suite 203-C
    Clifton, NJ 07014
    (P) (862) 227-3106
    nl@zemellawllc.com
    Attorneys for Plaintiff